**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

SHENZHEN WANLIXIN TECHNOLOGY
CO., LTD. d/b/a SIXCAR,

             Plaintiff,

v.

FISKARS CORPORATION (FISKARS OYJ
ABP), FISKARS FINLAND OY AB, and
FISKARS BRANDS, INC.,

             Defendants.

Civil Action No.: 3:26-cv-499

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DECLARATORY JUDGMENT**
**OF NON-INFRINGEMENT, NON-LIABILITY,**
**AND REGISTER-RELATED RELIEF**

Plaintiff Shenzhen Wanlixin Technology Co., Ltd. d/b/a SIXCAR ("Sixcar"), for its

Complaint against Defendants Fiskars Corporation (Fiskars Oyj Abp), Fiskars Finland Oy Ab,

and Fiskars Brands, Inc. (collectively, "Fiskars"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a declaratory-judgment action about trademark overreach.

2. Fiskars sent a cease-and-desist letter targeting a SIXCAR-branded handheld

weeding tool and accusing Sixcar of trademark infringement, trade dress infringement, false

association, unfair competition, and deceptive trade practices.

3. Fiskars did not accuse Sixcar of using the FISKARS word mark nor any similar

word mark. Sixcar does not use that mark. Fiskars's principal theory is that Sixcar's product

infringes because it uses orange accents.

4. Fiskars's accusation rests on an overbroad reading of two registrations and a far

broader unregistered trade-dress theory. None reaches Sixcar's accused product.

1

5.      U.S. Registration No. 4,248,329 is not a registration for orange garden tools. It is a special-form registration for the stylized word FISKARS in orange. And the Class 008 hand-tool goods that once appeared in that registration were permanently deleted during the 2022 renewal process. The registration now remains in force only for Classes 007 and 017.

6.      U.S. Registration No. 3,197,824 is narrower still. It covers orange as applied to the handle portion of scissors. It does not cover weeders, handheld weeding tools, all hand tools, all orange handles, or orange accents on non-scissors products.

7.      Fiskars also claims common-law rights in orange across lawn and garden hand tools. That theory is undefined, overbroad, and unenforceable against Sixcar. Trademark law protects source identifiers; it does not give Fiskars a roving veto over ordinary orange accents on garden tools sold under another brand.

8.      Sixcar brings this action to resolve the controversy Fiskars created and to confirm that Sixcar's accused product and listing do not infringe any valid Fiskars trademark or trade dress right.

## PARTIES

9.      Plaintiff Shenzhen Wanlixin Technology Co., Ltd. is organized under the laws of the People's Republic of China and has its principal place of business in Shenzhen, Guangdong, China.

10.     Sixcar owns, controls, or is otherwise responsible for the SIXCAR brand and the accused SIXCAR product listing identified in Fiskars's May 21, 2026 cease-and-desist letter. The accused listing concerns a SIXCAR-branded product associated with Plaintiff's business. A true and correct copy of Fiskars's May 21, 2026 cease-and-desist letter is attached as **Exhibit A**.

11. On information and belief, Defendant Fiskars Corporation (Fiskars Oyj Abp) is organized under the laws of Finland, with an address at Kageluddsvagen 10, Esbo, Finland 02150.

12. USPTO records identify Fiskars Corporation (Fiskars Oyj Abp) as the owner of U.S. Registration No. 4,248,329. A true and correct copy of relevant USPTO records for U.S. Registration No. 4,248,329 is attached as **Exhibit B**.

13. On information and belief, Defendant Fiskars Finland Oy Ab is organized under the laws of Finland, with an address at Hameentie 135, Helsinki, Finland 00560.

14. USPTO records identify Fiskars Finland Oy Ab as the current owner of U.S. Registration No. 3,197,824. A true and correct copy of relevant USPTO records for U.S. Registration No. 3,197,824 is attached as **Exhibit C**.

15. On information and belief, Defendant Fiskars Brands, Inc. is a corporation with its principal place of business at 7800 Discovery Drive, Middleton, Wisconsin 53562.

16. On information and belief, Fiskars Brands, Inc. is the United States operating, marketing, sales, reseller-control, and brand-enforcement entity for Fiskars products in the United States, including in this District.

17. On information and belief, Defendants act jointly, in concert, or through agency, license, affiliate, or control relationships in using, policing, licensing, and enforcing the asserted FISKARS marks and alleged orange trade dress in the United States.

### JURISDICTION AND VENUE

18. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

3

19.    This Court has authority to enter declaratory relief under 28 U.S.C. §§ 2201 and 2202.

20.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over related state-law issues forming part of the same case or controversy.

21.    An actual and justiciable controversy exists. Fiskars accused Sixcar of infringement and related misconduct; demanded that Sixcar remove the accused Amazon listing and all similar products; demanded that Sixcar cease using orange in connection with handheld weeding tools; demanded an accounting; and threatened damages, profits, attorneys' fees, and litigation. *See* **Exhibit A**.

22.    Fiskars Brands, Inc. is subject to personal jurisdiction in this Court because it maintains its principal place of business in this District and has continuous and systematic contacts with Wisconsin.

23.    Fiskars Corporation and Fiskars Finland Oy Ab are subject to personal jurisdiction in this Court because, on information and belief, they conduct United States business directly and through Fiskars Brands, Inc.; use Fiskars Brands, Inc. as their United States operating and enforcement affiliate; control or benefit from enforcement of the asserted rights in the United States; and directed, authorized, ratified, or benefited from the enforcement campaign giving rise to this action.

24.    To the extent Fiskars Corporation or Fiskars Finland Oy Ab contends that it is not subject to jurisdiction in any state's courts of general jurisdiction, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Sixcar's claims arise under federal law, the relevant Defendant is a non-United States defendant, and that Defendant has sufficient contacts with the United States as a whole through its United States trademark

registrations, United States sales and enforcement activities, and United States operating affiliates.

25.    Venue is proper in this District under 28 U.S.C. § 1391(b), (c)(2), and (c)(3) because Fiskars Brands, Inc. resides in this District; substantial events, omissions, or enforcement conduct giving rise to this action occurred in this District; and Fiskars Corporation and Fiskars Finland Oy Ab are non-United States defendants.

**FACTUAL ALLEGATIONS**

## A. Sixcar's Accused Product

26.    Sixcar sells a handheld weeding tool under the SIXCAR brand through Amazon and other online channels in the United States.

27.    The accused listing identified by Fiskars is for a "Weed Remover Tool, Portable Garden Weeder Tool, New Gardening Weeding Tools, for Garden Hand Tools for Vegetable Gardening Backyard Farm Planting & Uprooting Weeding Tool" under the SIXCAR brand. Fiskars identified the listing's Amazon ASIN as B0D45543Y3.

28.    Sixcar's accused listing prominently uses the SIXCAR brand.

29.    Sixcar's accused product does not use the FISKARS word mark, the stylized FISKARS logo, or any reproduction, counterfeit, copy, or colorable imitation of any registered Fiskars mark.

30.    Sixcar's accused product is a handheld weeding tool. It is not scissors. It is not a lawn mower. It is not a sprinkler pump, hose fitting, hose coupling, flexible tube, or sprinkler hose.

31. The orange portions of Sixcar's accused product are product-color accents. They are not used as a trademark. Orange is commonly used on tools and outdoor products for visibility, safety, decoration, ergonomics, and ordinary marketplace appeal.

**B. Fiskars's Threat Letter**

32. On or about May 21, 2026, counsel for Fiskars sent a cease-and-desist letter accusing the SIXCAR product listing of infringement.

33. The letter stated that counsel represented Fiskars Corporation.

34. The letter identified "Gongjin Zhang dba Sixcar" and accused the SIXCAR Amazon listing of being "unauthorized," "misleading," and "infringing."

35. The letter asserted that Fiskars is known for "long-standing, consistent use of bright orange on its products" and that orange purportedly serves as a source identifier for Fiskars products.

36. The letter cited U.S. Registration No. 4,248,329 and represented that it covered "lawn and garden hand tools," including "weeders."

37. The letter also cited U.S. Registration No. 3,197,824, which the letter described as covering "the use of the color orange as applied to the handle of scissors."

38. The letter asserted that Fiskars owns common-law trademark rights in orange used with lawn and garden hand tools.

39. The letter accused Sixcar of using an "identical orange color non-functionally on an identical product."

40. The letter alleged trademark infringement, trade dress infringement, unfair competition, and unfair and deceptive trade practices under federal and state law.

41.     The letter further asserted that Sixcar used orange in the same manner and locations as Fiskars and that the SIXCAR mark was chosen to sound similar to FISKARS.

42.     Fiskars demanded that Sixcar immediately and permanently remove the accused listing and all advertisements for the accused product.

43.     Fiskars demanded that Sixcar immediately and permanently remove "all products similar" to the accused listing.

44.     Fiskars demanded that Sixcar immediately and permanently cease "all non-functional use of orange" in connection with the advertising and sale of handheld weeding tools.

45.     Fiskars demanded that Sixcar provide, by June 1, 2026, a "full accounting" and a complete description of all places where Sixcar had included the accused listing.

46.     Fiskars demanded written confirmation by June 1, 2026 and reserved rights to seek damages, profits, attorneys' fees, and other remedies if litigation became necessary.

**C. U.S. Registration No. 4,248,329**

47.     U.S. Registration No. 4,248,329 is for a special-form FISKARS word mark. *See* Exhibit B.

48.     The USPTO record identifies the literal element as FISKARS.

49.     The USPTO record states that the registration does not claim a standard character mark.

50.     The USPTO record describes the mark as "a stylized version of the word FISKARS in the color orange."

51.     U.S. Registration No. 4,248,329 is not a registration for orange standing alone.

52.     U.S. Registration No. 4,248,329 is not a product-configuration or product-color registration for garden tools, weeders, handheld weeding tools, tool handles, tool rings, or orange product accents.

53.     U.S. Registration No. 4,248,329 previously included International Class 008 goods, including certain hand tools.

54.     In the 2022 renewal filing, Fiskars expressly deleted International Class 008 in its entirety, stating: "For International Class 008, this filing does not cover this specific class. This entire class is to be permanently deleted from the registration."

55.     On June 25, 2023, the USPTO accepted the Section 8 declaration and renewed the registration under Section 9. The USPTO notice stated that the registration would remain in force for "Class(es): 007, 017."

56.     The remaining Class 007 goods are "manual lawn mowers; pumps for water sprinklers."

57.     The remaining Class 017 goods are "non-metal hose fittings; non-metal couplings for use with lawn and garden hoses; flexible tubes made from plastic or rubber; and sprinkler hoses."

58.     Sixcar's accused handheld weeding tool is not within the goods remaining in U.S. Registration No. 4,248,329.

59.     Fiskars nevertheless asserted U.S. Registration No. 4,248,329 against Sixcar as though that registration currently covered lawn and garden hand tools and weeders.

**D. U.S. Registration No. 3,197,824**

60.     U.S. Registration No. 3,197,824 is a product-color registration with no literal element. *See* **Exhibit C**.

8

61.     The USPTO record describes the registered mark as follows: "The mark consists of the color orange as applied to the handle portion of the goods. The broken line outline is intended only to show the position of the mark and is not a part of the mark."

62.     The goods are "Hand tools, namely scissors" in International Class 008.

63.     The USPTO record states that the mark was registered on the Principal Register based on acquired distinctiveness under § 2(f) of the Lanham Act.

64.     Any acquired distinctiveness reflected in U.S. Registration No. 3,197,824 is limited to the registered mark and registered goods: orange as applied to the handle portion of scissors.

65.     U.S. Registration No. 3,197,824 is not a registration for weeders, handheld weeding tools, lawn and garden hand tools, non-scissors hand tools, all orange tool handles, or orange accents on non-scissors products.

66.     Sixcar's accused product is not scissors and does not use orange as applied to the handle portion of scissors.

67.     Fiskars nevertheless asserted U.S. Registration No. 3,197,824 against Sixcar's handheld weeding tool as part of a broader claim to orange on lawn and garden hand tools.

**E. Fiskars's Overbroad Orange Trade-Dress Theory**

68.     Fiskars's asserted common-law right in orange for lawn and garden hand tools is overbroad, undefined, functional, ornamental, aesthetically functional, and not protectable as asserted against Sixcar.

69.     A single color or product-design feature is not inherently distinctive as a source identifier for product goods.

70.    To enforce an unregistered color or product-design trade dress, Fiskars must prove, among other things, a clearly defined protectable trade dress, nonfunctionality, secondary meaning, and likelihood of confusion.

71.    Fiskars cannot satisfy those requirements for a broad alleged right in orange accents on lawn and garden tools, handheld weeding tools, or tool handles.

72.    Sixcar uses its own SIXCAR brand. It does not use FISKARS. It does not hold itself out as Fiskars, as sponsored by Fiskars, or as affiliated with Fiskars.

73.    SIXCAR and FISKARS differ in appearance, sound, meaning, and commercial impression.

74.    Consumers encountering Sixcar's accused product and listing are not likely to believe that the product originates with, is sponsored by, is affiliated with, or is endorsed by Fiskars.

**F. USPTO Specimen History for U.S. Registration No. 4,248,329**

75.    During the 2018 Section 8 and Section 15 post-registration process for U.S. Registration No. 4,248,329, the USPTO issued a Post-Registration Office Action refusing the Section 8 portion in part. Relevant USPTO records concerning that Office Action and Fiskars's response are attached as **Exhibit D**.

76.    The USPTO stated that certain specimens appeared to consist of digitally altered images or mock-ups of the intended depiction of the mark on goods or packaging.

77.    The USPTO stated that a mock-up digitally created or altered to include the mark does not show actual use of the mark in commerce.

78.    The USPTO specifically identified issues including "no surface features and impossibly sharp corners on the box for class 7."

79. Fiskars later requested deletion of certain classes and submitted substitute specimens for Classes 007 and 017.

80. That history confirms the need to construe Fiskars's registration record carefully and to reject Fiskars's overbroad construction of its asserted rights.

## COUNT I
### Declaratory Judgment of Non-Infringement of Registered Trademarks
### 15 U.S.C. § 1114; 28 U.S.C. §§ 2201–2202

81. Sixcar incorporates paragraphs 1 through 80 as if fully set forth herein.

82. Fiskars has asserted that Sixcar infringes registered trademark rights, including U.S. Registration Nos. 4,248,329 and 3,197,824.

83. Sixcar does not use the FISKARS word mark, the stylized FISKARS mark, the orange-handled scissors mark, or any reproduction, counterfeit, copy, or colorable imitation of those marks.

84. U.S. Registration No. 4,248,329 does not cover Sixcar's accused product.

85. U.S. Registration No. 3,197,824 does not cover Sixcar's accused product.

86. Sixcar's accused product and listing are not likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, connection, or endorsement.

87. Sixcar is entitled to a declaration that the accused product and listing do not infringe Fiskars's registered trademarks under 15 U.S.C. § 1114 or otherwise.

## COUNT II
### DECLARATORY JUDGMENT OF NO PROTECTABLE ORANGE TRADE DRESS ENFORCEABLE AGAINST SIXCAR
### 15 U.S.C. § 1125(a); 28 U.S.C. §§ 2201–2202

88. Sixcar incorporates paragraphs 1 through 87 as if fully set forth herein.

89. Fiskars has asserted unregistered trademark and trade dress rights in orange used with lawn and garden hand tools.

90.    Fiskars's asserted orange trade dress is not protectable as asserted against Sixcar because it is not clearly defined, is overbroad, is functional or aesthetically functional, lacks secondary meaning at the asserted scope, and does not serve as a source identifier for Fiskars apart from the FISKARS brand.

91.    Sixcar's accused product does not copy any protectable Fiskars trade dress.

92.    Sixcar's accused product and listing are not likely to cause confusion, mistake, or deception.

93.    Sixcar is entitled to a declaration that Fiskars has no protectable unregistered orange trade dress right enforceable against Sixcar's accused product or listing.

## COUNT III
### DECLARATORY JUDGMENT OF NO FALSE ASSOCIATION, FALSE DESIGNATION OF ORIGIN, OR UNFAIR COMPETITION UNDER THE LANHAM ACT
### 15 U.S.C. § 1125(a); 28 U.S.C. §§ 2201–2202

94.    Sixcar incorporates paragraphs 1 through 93 as if fully set forth herein.

95.    Fiskars has accused Sixcar of creating a false connection, sponsorship, affiliation, or endorsement.

96.    Sixcar has not represented that its product is made by, sponsored by, affiliated with, connected to, or endorsed by Fiskars.

97.    Sixcar's use of its own SIXCAR brand and ordinary orange product accents is not a false designation of origin, false association, or unfair competition under 15 U.S.C. § 1125(a).

98.    Sixcar is entitled to a declaration of no liability under 15 U.S.C. § 1125(a).

## COUNT IV
### DECLARATORY JUDGMENT OF NO DILUTION
### 15 U.S.C. § 1125(c); 28 U.S.C. §§ 2201–2202

99.    Sixcar incorporates paragraphs 1 through 98 as if fully set forth herein.

100. To the extent Fiskars contends that Sixcar's accused product or listing dilutes any famous Fiskars mark or alleged orange trade dress, Sixcar denies that contention.

101. Sixcar does not use the FISKARS mark.

102. Sixcar does not use any mark or trade dress likely to impair the distinctiveness of, or harm the reputation of, any famous Fiskars mark.

103. Fiskars's alleged broad orange trade dress is not famous as a designation of source separate from the FISKARS brand.

104. Sixcar is entitled to a declaration of no dilution liability under 15 U.S.C. § 1125(c).

## COUNT V
### DECLARATORY JUDGMENT OF NO STATE-LAW LIABILITY AND NO ENTITLEMENT TO RELIEF
### 28 U.S.C. §§ 2201–2202

105. Sixcar incorporates paragraphs 1 through 104 as if fully set forth herein.

106. Fiskars has accused Sixcar of unfair competition and unfair and deceptive trade practices under federal and state law.

107. Fiskars has threatened an accounting, damages, profits, attorneys' fees, and injunctive relief.

108. Sixcar has not engaged in trademark infringement, trade dress infringement, false association, unfair competition, unfair trade practices, deceptive trade practices, or any other wrongful conduct toward Fiskars.

109. Fiskars is not entitled to an accounting, Sixcar's profits, damages, attorneys' fees, injunctive relief, or any other relief against Sixcar based on the accused product or listing.

## COUNT VI
### REGISTER-RELATED RELIEF
### 15 U.S.C. § 1119

110.    Sixcar incorporates paragraphs 1 through 109 as if fully set forth herein.

111.    This action involves U.S. Registration Nos. 4,248,329 and 3,197,824 and the scope, validity, and enforceability of those registrations as asserted by Fiskars against Sixcar.

112.    U.S. Registration No. 4,248,329 should not be construed or enforced to cover Class 008 hand tools, lawn and garden hand tools, handheld weeding tools, weeders, the color orange alone, or orange product accents.

113.    U.S. Registration No. 3,197,824 should not be construed or enforced to cover weeders, handheld weeding tools, non-scissors hand tools, all orange tool handles, orange accents on non-scissors products, or the color orange apart from the registered mark and registered goods.

114.    To the extent any portion of U.S. Registration No. 4,248,329 or U.S. Registration No. 3,197,824 is alleged or construed to cover Sixcar's accused product, Sixcar seeks correction, restriction, rectification, or other appropriate relief under 15 U.S.C. § 1119.

### PRAYER FOR RELIEF

WHEREFORE, Sixcar respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

A. Declare that Sixcar's accused product and listing do not infringe U.S. Registration No. 4,248,329, U.S. Registration No. 3,197,824, or any other registered Fiskars mark identified in Fiskars's cease-and-desist letter;

14

B. Declare that U.S. Registration No. 4,248,329 does not cover Class 008 hand tools, lawn and garden hand tools, handheld weeding tools, weeders, the color orange alone, or orange product accents;

C. Declare that U.S. Registration No. 3,197,824 does not cover weeders, handheld weeding tools, non-scissors hand tools, all orange tool handles, orange accents on non-scissors products, or the color orange apart from the registered mark and registered goods;

D. Declare that Fiskars has no protectable unregistered orange trade dress or common-law trademark right enforceable against Sixcar's accused product or listing;

E. Declare that Sixcar's accused product and listing do not constitute false association, false designation of origin, unfair competition, dilution, unfair trade practices, or deceptive trade practices under federal or state law;

F. Declare that Fiskars is not entitled to an accounting, Sixcar's profits, damages, attorneys' fees, injunctive relief, or any other relief against Sixcar based on the accused product or listing;

G. Order such correction, restriction, rectification, or other register-related relief under 15 U.S.C. § 1119 as is necessary to conform the register and the parties' rights to the declarations entered by the Court;

H. Enjoin Defendants and their officers, agents, servants, employees, attorneys, affiliates, and all persons acting in active concert or participation with them from asserting U.S. Registration No. 4,248,329, U.S. Registration No. 3,197,824, or the alleged orange trade dress against Sixcar based on the accused product or listing;

I. Award Sixcar its costs and, to the extent permitted by law, its reasonable attorneys' fees; and

J. Award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Sixcar demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: May 31, 2026

By: /s/ Tao Liu

Tao Liu, Esq.
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 937-9999
tao.liu@glacier.law
***Counsel for Plaintiff Shenzhen Wanlixin***
***Technology Co., Ltd. d/b/a SIXCAR***

16